STATE OF MAINE                          SUPERIOR COURT
WALDO, SS.                              DOCKET NO. CV-15-14


MADELINE SULLIVAN          )
        Plaintiff          )
                           )
      v.                   )
                           )          DECISION & JUDGMENT
RANDALL-COLLINS POST       )
 3108 DEPT. OF MAINE       )
 VETERANS OF FOREIGN       )
 WARS OF U.S.              )
        Defendant          )


The Plaintiff had filed a two count Complaint asserting claims for relief under the Maine Human Rights Act. This matter came before the Court for trial on August 30, 2016. Subsequent to the trial, the parties submitted written closing arguments for the Court's further review.

Based upon the evidence presented at trial, the Court makes the following findings.

For a relatively brief period of time from September to November 2013, the Plaintiff was employed by the Defendant as a bar server in the Defendant's VFW Hall. The Plaintiff accepted the job offer in order to supplement her primary employment with the Belfast Harbor Inn.

The Plaintiff generally worked four shifts per week from 11 AM to 5 PM. Scott Cilley was the bar manager and a supervisor over the Plaintiff. Mr.

Cilley was responsible for making out the Plaintiff's work schedule, and ultimately was the individual who communicated the Employer's termination decision to the Plaintiff.

Soon after the Plaintiff began working for the Defendant, Mr. Cilley began a pattern of harassing behavior which included poking the Plaintiff in her ribs, grabbing her around her waist, swatting her with a fly swatter and talking about her breasts. Mr. Cilley also touched the Defendant's legs above her knee. Mr. Cilley told the Plaintiff he would take her to his bed and made comments to her about her having a nice butt and squeezing her breasts which he described as squeezable melons.

The Plaintiff repeatedly rebuffed Mr. Cilley's advances telling him to knock it off on numerous occasions and slapping his hand when he touched her. The Plaintiff testified that Mr. Cilley's conduct made her feel disgusting and cheap.

The Commander of the VFW at the time, Steve Brown, observed some of the conduct by Mr. Cilley as described above. Mr. Brown failed to take effective action to stop Mr. Cilley's conduct.

During the course of the Plaintiff's employment, the Defendant experienced some difficulty with the Plaintiff's work performance. In particular, the Plaintiff was never able to properly reconcile "pull ticket" sales, thereby leaving for other employees the task of reconciling these type sales with the register proceeds. The Defendant employer was also receiving customer complaints regarding Plaintiff's failure to timely serve the customers.

Finally, the Plaintiff was also responding negatively regarding the performance of some of her job duties such as the cleaning of bathrooms.

The operations of the Defendant VFW were managed by a House Committee. One week prior to the Plaintiff's actual termination from employment, the House Committee voted to terminate the Plaintiff's employment. The House Committee was not made aware of Mr. Cilley's harassing behavior toward the Plaintiff prior to or at the time of its' discussions regarding the termination of Ms. Sullivan.

Mr. Brown instructed Mr. Cilley to inform the Plaintiff of her termination. The Defendant delayed the actual termination of the Plaintiff for one week in order to try to find a replacement worker. On the day the Plaintiff was terminated, early in the shift, the Plaintiff acknowledged that she was approached by Mr. Cilley who informed her that he needed to speak with her later that day.

During that same shift, after Mr. Cilley had informed the Plaintiff that they would need to talk later that day, Mr. Cilley engaged in another incident of harassing behavior towards the Plaintiff. Specifically, the Plaintiff testified that Mr. Cilley slapped her in the butt really hard. This incident occurred while Mr. Cilley was behind the bar and other customers were present.

At the end of that shift, approximately two hours after the slapping incident, Mr. Cilley approached the Plaintiff and informed her that she was being fired. The Plaintiff was not provided with a specific reason for her termination.

## ANALYSIS

The Plaintiff's Complaint asserts a claim for unlawful employment discrimination based upon sexual harassment, as set forth in Count 1, and a claim based upon unlawful retaliation, as set forth in Count 2.

A claim for unlawful employment discrimination may be based on sexual harassment sufficiently severe or pervasive enough that it creates a hostile work environment. *Watt v. UniFirst Corp., 2009 ME 47*. To prevail in a claim based upon a hostile work environment, the Law Court, in *Watt*, noted that the plaintiff must demonstrate:

> (1) that she is a member of a protected class; (2) that she was subject to unwelcome sexual harassment; (3) that the harassment was based upon sex; (4) that the harassment was sufficiently severe or pervasive so as to alter the conditions of plaintiff's employment and create an abusive work environment; (5) that sexually objectionable conduct was both objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive and the victim in fact did perceive it to be so; and (6) that some basis for employer liability has been established. *Id. at ¶ 22.*

The conduct by the Defendant's employer, Scott Cilley, the supervisor of the Plaintiff, created a hostile work environment for the Plaintiff which this Court finds to be actionable under the Maine Human Rights Act.

Count 2 of the Complaint alleges the Defendant retaliated against the Plaintiff in violation of Title 5 MRSA §4572(1)(E). This section of law prohibits an employer from discriminating in any manner against individuals because they have opposed a practice that would be a violation of the Maine Human Rights Act.

As the Law Court in *Doyle v. Department of Human Services, 2003 ME 61, ¶20* noted, in part,

> To establish a prima facie claim of retaliation, the employee must show that she engaged in statutorily protected activity; her employer made an employment decision that adversely affected her; and that there was a causal link between the protected activity and the adverse employment action. [Internal citations omitted].

As in this case, when the adverse employment action (Plaintiff's termination) occurred in close proximity to the protected conduct (Plaintiff's complaint about the harassing behavior) the burden shifts to the employer to produce probative evidence of a nondiscriminatory reason for the adverse employment action. The Court concludes the House Committee's consideration of the Plaintiff's poor work performance formed the nondiscriminatory basis for this Plaintiff's termination from employment. Accordingly, the Plaintiff has failed to meet her burden of proof in establishing a causal link between her protected activity and the subsequent termination.

## CONCLUSION

Based upon the findings and analysis set forth above, the Court hereby renders Judgment in favor of the Plaintiff with respect to the Count 1 claim of unlawful employment discrimination based on sexual harassment, and further renders Judgment in favor of the Defendant with respect to the Count 2 claim based upon unlawful retaliation.

With respect to the Count 1 claim, the Plaintiff seeks an award of a civil penalty against the Defendant in accordance with 5 MRSA §4613(2)(B)(7). This section authorizes an award of civil penal damages not to exceed $20,000. The purpose of an award of civil penal damages under this provision of the Maine Human Rights Act is to penalize wrongdoing by the employer.

Again, based on the findings noted above, this Court hereby orders the Defendant to pay Plaintiff civil penal damages in the amount of $15,000 for its failure to effectively address the hostile work environment to which the Plaintiff was subjected. The Court also awards the Plaintiff recovery of her reasonable attorneys' fees and costs pursuant to 5 MRSA §4614.

The Clerk is directed to incorporate this Decision and Judgment, by reference, in accordance with MRCivP 79(a).

Date: 10/26/16

_____
SUPERIOR COURT JUSTICE